## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CELADON GROUP, INC., *et al.*,[1] | : Case No. 19-12606 (KBO) |
| | : (Jointly Administered) |
| Debtors. | : |

---------------------------------------------------------------x
| | |
|---|---|
| TA DISPATCH, LLC, an Alabama limited liability company, | : : : |
| Plaintiff, | : : |
| v. | : Adv. No. 20-50117 (KBO) |
| | : |
| CELADON TRUCKING SERVICES, INC., a New Jersey corporation, CELADON LOGISTICS SERVICES, INC., a Delaware corporation, CELADON GROUP, INC., a Delaware corporation, and HYNDMAN TRANSPORT LIMITED, an Ontario corporation, | : : : : : : |
| Defendants | : |

---------------------------------------------------------------x

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND VERIFIED COMPLAINT**

Plaintiff TA Dispatch, LLC ("Plaintiff"), by and through its undersigned counsel, files this motion (the "Motion") for leave to file an amended verified complaint in the form annexed hereto

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celadon Group, Inc. (1050); A R Management Services, Inc. (3604); Bee Line, Inc. (5403); Celadon Canadian Holdings, Limited (2539); Celadon E-Commerce, Inc. (2711); Celadon International Corporation (5246); Celadon Logistics Services, Inc. (0834); Celadon Mexicana, S.A. de C.V. (6NL7); Celadon Realty, LLC (2559); Celadon Trucking Services, Inc. (6138); Distribution, Inc. (0488); Eagle Logistics Services Inc. (7667); Hyndman Transport Limited (3249); Jaguar Logistics, S.A. de C.V. (66D1); Leasing Servicios, S.A. de C.V. (9MUA); Osborn Transportation, Inc. (7467); Quality Companies LLC (4073); Quality Equipment Leasing, LLC (2403); Quality Insurance LLC (7248); Servicios Corporativos Jaguar, S.C. (78CA); Servicios de Transportación Jaguar, S.A. de C.V. (5R68); Stinger Logistics, Inc. (3860); Strategic Leasing, Inc. (7534); Taylor Express, Inc. (9779); Transportation Insurance Services Risk Retention Group, Inc. (7197); Vorbas, LLC (8936). The corporate headquarters and the mailing address for the Debtors listed above is 9503 East 33rd Street, One Celadon Drive, Indianapolis, IN 46235.

as **Exhibit A** (the "Amended Complaint").[2][3] In support of this Motion, Plaintiff respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This matter is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b) and pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper before the Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

4. On December 2, 2019, Plaintiff originally filed a verified complaint (the "Complaint") against certain debtors in the above-captioned chapter 11 cases, Celadon Trucking Services Inc. ("Celadon Trucking"), Celadon Logistics Services Inc. ("Celadon Logistics"), Celadon Group, Inc. ("Celadon Parent"), and Hyndman Transport Limited ("Hyndman Transport," with Celadon Trucking, Celadon Logistics, and Celadon Parent, "Defendants") under the caption *TA Dispatch, LLC v. Celadon Trucking Services, Inc., Celadon Logistics Services, Inc., Celadon*

---

[2]  Plaintiff has not attached the exhibits to the proposed Amended Complaint. The exhibits to the Complaint in the State Court Action (as defined herein) were filed (and remain) under seal. If the Court grants this Motion, Plaintiff will move to file the exhibits under seal in this Court.

[3]  A black-lined version of the proposed Amended Complaint is attached hereto as **Exhibit B**.

- 2 -

*Group, Inc. and Hyndman Transport Limited*, C.A. No. 2019-0960-SG (the "<u>State Court Action</u>"), in the Court of Chancery of the State of Delaware.

5.  On December 8, 2019, each Defendant, along with other affiliates of Celadon Parent, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

6.  On or about January 21, 2020, prior to filing a responsive pleading regarding the Complaint, the Debtors removed the State Court Action to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027, thereby commencing this adversary proceeding. *See Notice of Removal* [D.I. 322].

## RELIEF REQUESTED

7.  By this Motion, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure, Plaintiff requests entry of an order, substantially in the form attached hereto as **Exhibit C**, granting Plaintiff leave to file the proposed Amended Complaint to update the allegations set forth therein to address circumstances that have arisen since the filing of the above-captioned chapter 11 cases.

## BASIS FOR RELIEF

8.  It is well settled that leave to amend a pleading pursuant to Rule 15(a) should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that "leave sought should, as the rules require, be 'freely given'"); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has "adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities." *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574 (D. Del. 2009).

9. Courts typically find an amendment permissible unless "there is undue delay, bad faith, a dilatory motive, prejudice, or futility." *Burlington*, 114 at 1434.

10. It is the opposing party's burden to establish that a proposed amendment is impermissible under Rule 15. *MacQueen v. Union Carbide Corp.*, 2014 WL 1338729, at *2 (D. Del. Apr. 1, 2014). To prevent amendment of a complaint, "the non-moving party . . . must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

11. Here, the proposed Amended Complaint contains revisions that address certain circumstances that have arisen postpetition. The Amended Complaint satisfies the standard established under Rule 15 because it will not inconvenience, unduly burden, or prejudice the Defendants. This case is at an embryonic stage, with Defendants not having yet filed a responsive pleading to the Complaint. No discovery has been issued, nor has the initial scheduling conference occurred.

12. Moreover, there has been no undue delay, bad faith, or dilatory motive on the part of the Plaintiff. This Motion and the Amended Complaint are being filed less than two (2) months after the Complaint was filed and only one (1) week after Defendants removed the Complaint to this Court. Moreover, "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied." *Adams v. Gould Inc.*, 739 F.2d 858 (3d Cir. 1984).

13. Further, no parties in interest will be prejudiced by the filing of the Amended Complaint, and Defendants cannot demonstrate any such prejudice. To establish undue prejudice, the opposing party must prove that the amendment would "(1) require the [non-moving party] to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly

delay the resolution of the dispute; or (3) prevent the [non-moving party] from bringing a timely action in another forum." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). None of these factors is applicable here.

14. For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion and allow the Plaintiff to amend the Complaint.

15. As no novel issues of law or fact are presented by this Motion, Plaintiff waives its right to file a brief in support of this Motion pursuant to Del.Bankr.LR. 7007-1. However, Plaintiff reserves the right to file a reply brief, if necessary.

## **NOTICE**

16. Notice of this Motion has been sent to the Office of the United States Trustee and counsel to the Defendants. Plaintiff asserts that such notice is proper and adequate under the circumstances.

WHEREFORE, Plaintiff requests that the Court grant the Motion and allow Plaintiff to amend the Complaint with the Amended Complaint and grant such other relief as is just.

Date: January 28, 2020                                         Respectfully submitted,

**REED SMITH LLP**

*/s/ Jason D. Angelo*
Jason D. Angelo (No. 6009)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: jangelo@reedsmith.com

*Attorneys for Plaintiff TA Dispatch, LLC*